Dye, J. (dissenting).
In dealing with controversies concerning the enforcibility of arbitration, the initial question is whether the underlying contract is valid and enforcible. If it is, then we may pass to the question of whether the contract, by its terms, makes provision for the settlement of disputes arising *341 thereunder by arbitration. If not, then we do not enforce arbitration since its vitality depends, in the first instance, on the existence of a valid contract (Civ. Prac. Act, art. 84, § 1450). Whether the term “ contract ” refers to the entire agreement in which the provision for arbitration is contained, or it refers, by a loose construction of that term, solely to the clause permitting arbitration is at the heart of this controversy.
While there is a school of thought favoring the view that the power of the court is limited to a determination of whether or not an agreement to arbitrate has been made (cf. 36 Yale L. J. 866; Note, 24 N. Y. U. L. Q. Rev. 429), our decisions, until now, have uniformly held that an arbitration clause fails if a contract was never made (Matter of Wrap-Vertiser Corp. [Plotnick], 3 N Y 2d 17; Matter of Finsilver, Still & Moss v. Goldberg, Maas & Co., 253 N. Y. 382; Matter of Levinsohn Corp. [Joint Bd. of Cloak Makers’ Union], 299 N. Y. 454; 38 Cornell L. Q. 391; 6 Corbin, Contracts, § 1444).
Here, there is a real dispute between the parties concerning the existence of a contract. This, under the authorities, is for the court to determine before proceeding to the question of arbitration. On its face, the ability of this contract to survive the scrutiny of a court of law is indeed dubious. It lacks mutuality and is illusory. It provides that the employment of Maratta shall continue until he voluntarily leaves the employ of Exercycle or dies. Maratta is thus privileged in language which includes no restrictive conditions to quit his employment without obligation to respond in damages. Exercycle’s promise is to retain Maratta for as long as he wishes to continue, provided only that he maintain sales above a specified minimum. Maratta promised to devote his full time and best efforts to the business. He promised nothing with respect to continuation of employment, for he was at liberty to leave voluntarily at any time.
WThen Maratta’s promise to put forth his best efforts on a full-time basis is read together with the option to quit at any time, it becomes an unenforcible promise — and amounts to no more than a mere gratuitous statement, furnishing the company with nothing more than a hope that it will come about and as such is an illusion of a promise. So viewed, the entire agreement is unenforcible for lack of mutuality of obligation. It follows then that all the provisions contained therein, including the arbitration clause, are likewise unenforcible.
*342 The order of the Appellate Division should be reversed and the motion to stay arbitration should be granted, with costs.
Chief Judge Desmond and Judges Burke and Foster concur with Judge Fund; Judge Froessel concurs in result in a separate opinion in which Judge Van Voorhis concurs; Judge Dye dissents in an opinion.
Order affirmed.